| |
|:---:|
| **Matter of Weiss v Alliance Equity Group, LLC** |
| 2026 NY Slip Op 30838(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 653398/2025 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PHAEDRA F. PERRY-BOND**          PART          35

*Justice*

-----------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF CHAIM
WEISS AND YESHAYA DAVID HELLER

Petitioner,

- v -

ALLIANCE EQUITY GROUP, LLC,

Respondent

For an Order compelling the arbitration of any and all
disputes between the Parties before the Bais Din of Mechon
L'horyoa, 168 Maple Avenue, Monsey, New York 10952 and
staying enforcement proceedings related said disputes
and/or available remedies prior to a final disposition being
rendered in said arbitration.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653398/2025 |
| MOTION DATE | 06/11/2025, 06/04/2025 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for          COMPEL ARBITRATION          .

Upon the foregoing documents, motion sequences 001 and 002, which seek entry of a

preliminary injunction and to compel arbitration, are consolidated for disposition and are granted.

Respondent's cross motion to dismiss is denied.

## I.      Background

On June 15, 2023, Petitioners Chaim Weiss and Yeshaya David Heller (collectively

"Petitioners") executed a promissory note with Respondent wherein Respondent loaned Petitioners

$2,000,000 for the purpose of purchasing various nursing home facilities (the "Note"). Alongside

653398/2025   CHAIM WEISS AND YESHAYA DAVID HELLER, IN THE MATTER OF THE          Page 1 of 5
APPLICATION OF vs. ALLIANCE EQUITY GROUP, LLC
Motion No.  001 002

1 of 5

the Note, the parties executed a Heter Iska Agreement.[1] In the Heter Iska Agreement, the parties agreed that in the case of any dispute regarding the Heter Iska Agreement, the Bais Din of Mechon L'hoyroa would render a final and binding decision on the dispute (NYSCEF Doc. 48).

In a series of letters exchanged in January of 2025, the parties' disputed whether Petitioner was in default under the terms of the Note. Based on this dispute, Petitioners demanded the parties arbitrate before the Bais Din of Mechon L'hoyroa. Respondent rejected its obligation to arbitrate the alleged breach of the promissory note. As a result, Petitioner filed this application to compel arbitration and to enjoin Respondent from attempting to enter judgment against Petitioners based on the Petitioners' alleged breach of the Note. Shortly thereafter, Respondent commenced an action seeking summary judgment in lieu of complaint (*see Alliance Equity Group, LLC v. Weiss et al.*, Index No. 653689/2025, Supreme Court, New York County).[2] In this case, Respondent opposes the Petition to compel arbitration and the ancillary injunctive relief and cross moves to dismiss.

## II.    Discussion

The Petition is granted. The Court finds that the Heter Iska Agreement contains an arbitration clause as the parties there agreed that "this Iska is intended to be enforced by a Bais Din only" and "in case of any dispute with regard to this document, we accept the Bais Din of Mechon L'hoyroa, 168 Maple Avenue, Monsey, New York 10952, to render a final and binding decision" (NYSCEF Doc. 48). Further, essential terms of the Note must be interpreted and enforced according to the Heter Iska Agreement. Specifically, the parties agreed that:

> "Additional documents, including a promissory note, mortgage note, and guarantee, may have been executed by the parties regarding these funds. Such

---

[1] A Heter Iska agreement is a financing structure that allows certain transactions to take place that would otherwise violate Halakhah's prohibition against interest.

[2] This action was recently dismissed by Justice Andrea Masley pursuant to CPLR 3211(a)(4) (*see Alliance Equity Group LLC v Weiss*, 2025 NY Slip Op 35091[U] [Sup. Ct., NY County 2025]).

653398/2025   CHAIM WEISS AND YESHAYA DAVID HELLER, IN THE MATTER OF THE APPLICATION OF vs. ALLIANCE EQUITY GROUP, LLC
Motion No.  001 002

Page 2 of 5

2 of 5

[* 2]

documents contain additional terms and conditions, which shall be interpreted in a manner consistent with the Laws of Ribbis and this Hester Iska. Any mention of a loan, interest, points, or other similar terms are for legal purposes only, and are intended to mean this Iska and the payments called for above. To the extent necessary by Halachah, this agreement shall supersede any other agreement between the parties in regard to these funds provided, however, this Iska is intended to be enforced by a Bais Din only, and may not be used as a defense in any civil court unless the defendant receives written permission from Bais Din Mechon L'hoyroa. This agreement shall follow the guidelines of Heter Iska as explained in Sefer Bris Yehuda."

Contrary to Respondent's argument, which is not supported by an affirmation or affidavit by anyone with personal knowledge of the facts underlying the claim, there is a fully executed Heter Iska Agreement (*see* NYSCEF Doc. 48). While Respondent argues that there is no agreement to arbitrate in the Heter Iska Agreement, this is belied by the very terms of the Heter Iska Agreement. Although the word "arbitrate" does not appear in the agreement, the parties explicitly agreed that the Heter Iska Agreement can only be interpreted according to Halakhah, must be enforced by a Bais Din only and any dispute as to the Heter Iska Agreement must be submitted to the Bais Din of Mechon L'hoyroa, 168 Maple Avenue, Monsey, New York 10952 who will render a final and binding decision on that dispute. As stated by the Court of Appeals an agreement to arbitrate is "a contract in which the parties themselves charter a private tribunal for the resolution of their disputes" (*Astoria Medical Group v Health Ins. Plan of Greater New Yor*, 11 NY2d 128, 132 [1962]). Clearly, the parties contemplated in the Heter Iska Agreement the Bais Din of Mechon L'hoyroa would resolve disputes as to the Heter Iska Agreement.

Moreover, under both the Federal Arbitration Act and New York law, parties may agree to have an arbitrator decide "gateway questions of arbitrability" such as whether an agreement to arbitrate covers a particular dispute (*see Wu v Uber Technologies, Inc.*, 43 NY3d 288, 301 [2024]). This Court is also mindful of New York's public policy in favor of promoting arbitration (*see Oxbow Calcining USA Inc. v American Indus. Partners*, 96 AD3d 646 [1st Dept 2012]). Therefore,

653398/2025   CHAIM WEISS AND YESHAYA DAVID HELLER, IN THE MATTER OF THE
APPLICATION OF vs. ALLIANCE EQUITY GROUP, LLC
Motion No.  001 002

Page 3 of 5

3 of 5

whether the Heter Iska Agreement supersedes and voids the provision of the Note wherein the parties agreed that legal proceedings related to the Note would be brought in New York State court or the United States District Court for the Southern District of New York must first determined by the Bais Din of Mechon L'hoyroa (*see Mouli v Stern*, 236 AD3d 599 [1st Dept 2025] [where parties incorporate rules that empower arbitrator to decide issues of arbitrability, the incorporation of those rules serves as clear and unmistakable evidence of parties' intent to delegate such issues to the arbitrator]). In other words, because the parties agreed that "in case of any dispute with regard to this document, we accept the Bais Din of Mechon L'hoyroa, 168 Maple Avenue, Monsey, New York 10952, to render a final and binding decision" the present dispute as to what is arbitrable under the Heter Iska Agreement's arbitration must be determined in the first instance by the Bais Din.

Finally, while Respondent argues that the Heter Iska Agreement cannot be used as a defense in a civil action, Respondent fails to appreciate the Heter Iska Agreement is not being used as a defense in this action but is being used as an offensive tactic to compel Respondent to arbitrate. Therefore, the petition to compel arbitration is granted. Because the parties must first go to arbitration, the request for injunctive relief is likewise granted. Finally, because the Petition is granted, the cross-petition to dismiss is denied as moot.

Accordingly, it is hereby,

ORDERED and ADUDGED that the Petition is granted to the extent that the parties must arbitrate the issue of whether the Heter Iska Agreement applies to Respondent's allegations of Petitioners' default under the terms of the Note and accompanying Heter Iska Agreement, and if applicable, whether Petitioners defaulted under the under the terms of the Note and accompanying Heter Iska Agreement; and it is further

ORDERED that within thirty days of this Decision and Order, the parties shall commence an arbitration before the Bais Din of Mechon L'horyoa, 168 Maple Avenue, Monsey, New York 10952; and it is further

ORDERED that pending the arbitration ordered herein, Respondent is enjoined from attempting to enter judgment against Petitioners based on the Petitioners' alleged breach of the Note; and it is further

ORDERED that in light of the Court granting the Petition, Respondent's cross-petition to dismiss is denied as moot; and it is further

ORDERED that within ten days of entry, counsel for Petitioners shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

3/3/26
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653398/2025   CHAIM WEISS AND YESHAYA DAVID HELLER, IN THE MATTER OF THE
APPLICATION OF vs. ALLIANCE EQUITY GROUP, LLC
Motion No.  001 002

Page 5 of 5